**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| ex rel. MICHAEL E. POISSON, | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIV-05-406-R |
| | ) | |
| RED RIVER SERVICE CORP., BIG | ) | |
| HORN MANAGEMENT CO., GUS | ) | |
| BRYANT, JAMES ARRINGTON | ) | |
| SMITH, GARY RUST, and | ) | |
| DANNY PRICE, | ) | |
| | ) | |
|    Defendants. | ) | |

**O R D E R**

Before the Court is the amended motion of Defendants Red River Service Corporation of Oklahoma, Red River Service Corporation of Texas, Big Horn Management Company, Gus Bryant, James Arrington Smith and Gary Rust to dismiss Plaintiff's complaint pursuant to Rule 12(a)(1) and (6), F.R.Civ.P. Doc. No. 61. In support of their motion, Defendants assert that Plaintiff has failed to state a claim for violation of the False Claims Act ("FCA"), 31 U.S.C. § 3729, and for conspiracy to commit such violations because he has not alleged sufficient facts to state claims which are plausible rather than merely possible, as required pursuant to *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929, ___ (2007) and has failed to satisfy the pleading requirements of Rule 9(b), F.R.Civ.P., which apply to actions under the FCA. With regard to Plaintiff's claim that his employment was terminated in violation of the anti-retaliation provision of the FCA, 31

U.S.C. § 3730(h), Defendants assert that Plaintiff has failed to state a claim on which relief can be granted because he has failed to allege that Defendants knew, prior to terminating his employment, that Plaintiff was "either taking action in furtherance of a private qui tam action or assisting in an FCA action brought by the Government," Defendants' Brief at p. 19, quoting *United States ex rel. Ramseyer v. Century Healthcare Corp.*, 90 F.3d 1514, 1522 (10th Cir. 1996). Because Plaintiff's federal law claims must be dismissed for failure to state claims on which relief can be granted, Defendants assert, Plaintiff's state law claims must be dismissed for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), F. R. Civ. P., citing 28 U.S.C.§ 1367.

Although Plaintiff's complaint is not a model of clarity and further detail would be desirable, the Court finds that Plaintiff has alleged sufficient facts, which are accepted as true, to state one or more claims for relief under the FCA that are "plausible on . . . [their] face." *Bell Atlantic Corp v. Twombly*, __ U.S. at __, 127 S. Ct. at ____, 167 L.Ed.2d at 949, i.e., that Plaintiff's factual allegations are "enough to raise a right to relief [under the FCA] above the speculative level." *Id.*, __ U.S. at __, 127 S. Ct. at ___, 167, L.Ed.2d at 940.

For example, in paragraphs 19 through 21, Plaintiff alleges that Defendants Red River billed for work that was performed by or primarily by another entity, Lucent Technologies, and separately billed for support work under separate work orders, which work and charges were or should have been within the scope of the original projects of purchasing and installing new computer terminals and software for base operations, "upgrades of the SE switch in Building 3001" and purchases and installations of remote telephone switches in

Buildings 5801 and Building 4002, according to common industry standards for those type(s) of project and services. Complaint at ¶ 19. With respect to the purchase and installation of new computer terminals and software for TAFB based operators in particular, Plaintiff alleges that Defendant Gus Bryant directed that invoices for support work which should not have been separately billed be sent for approval and payment by the Government and that Defendant Danny Price conspired with Defendant Gus Bryant to get such invoices paid by agreeing to generate and generating work orders to cover such invoices, knowing that such services should not have been billed separately and in addition to the original charges for the project. *Id.*

Likewise, in paragraph 24 of the complaint, Plaintiff alleges that a contract modification was made to the BTS contract to allow Defendants Red River to separately bill for testing after the BTS work was completed to insure proper working order whereas the industry standard is that testing is within the original scope of the work, not an additional expense. The BTS Contract Mod allowed Defendants Red River to charge the Government $25 to $40 per line to test, Plaintiff alleges, and based on his allegations it may be inferred that the contract modification was fraudulent for the purpose of allowing Defendants to submit false claims or charges to the Government.

In paragraph 23 of the complaint, Plaintiff alleges that Defendants Red River and Gus Bryant, with Defendant Danny Price's knowledge and assistance, purchased a $17,500 mobile communications trailer and submitted invoices to cover the cost of the trailer as hourly labor at the rate of $53 per hour, coded SUB CLN 1009, which actually represented

hourly labor on a contract modification of the BIDDS project added in the spring of 2003 to switch operations from the old cable plant to the new cable plant or to the "tip cables to the new frame," and funds allocated for such project.  In other words, Plaintiff alleges that Defendants Red River submitted false charges for labor expenses relating to switching cable operations to the new plant when in fact the charges were to purchase a mobile communications trailer.  In paragraph 25, Plaintiff alleges that other items, including building material used to construct various communication closets and offices and the purchases of a DELL Latitude C840 laptop computer, monitor and docking station were (falsely and fraudulently) invoiced CLN 1017 as hourly labor.

In paragraph 29, Plaintiff alleges that because of the enormous amounts billed to the BTS Contract in excess of the original bid amount, in the last quarter of 2003, Defendants Gus Bryant and Danny Price hatched a plan to use and did use a GSA contract as a funding vehicle to pay for work that was being done for the BTS Contract but had been omitted from the original scope of the work.  However, Plaintiff never alleges that Defendants submitted false invoices or charges pursuant to this plan.

Other paragraphs of the complaint do not state claims under the False Claims Act.  However, the paragraphs described above, with the exception of paragraph 29, allege sufficient facts to show that it is probable that Defendants Red River presented or caused to be presented to the U.S. Government "false or fraudulent claim[s] for payment" or knowingly used a "false record or statement to get a false or fraudulent claim paid or approved" by the Government.  *See* 31 U.S.C. § 3729(a)(1) and (a)(2). *See also United States v. Mackby*, 261

F.3d 821, 826 (9th Cir. 2001) (setting forth elements of an FCA claim). *See generally Shaw v. AAA Engineering and Drafting, Inc.*, 213 F.3d 519, 529-33 (10th Cir. 2003). A "claim" under the FCA includes "any request or demand, whether under a contract or otherwise, for money or property . . . ." 31 U.S.C. § 3729(c). Thus, whether a claim [for money or property] is valid depends on the contract, regulation or statute that supposedly warrants it." *United States ex rel. Smith v. Boeing Co.*, 505 F.Supp.2d 974, 982 (D. Kan. 2007) (quoting *United States v. Southland Management Corp.*, 326 F.3d 669, 674 (5th Cir. 2003) (enbanc)). While a defendant must have knowledge that a claim is false or fraudulent, *see United States ex rel Wynne v. Blue Cross and Blue Shield of Kansas, Inc.*, 2006 WL 1064108 at *2 (D. Kan. April 26, 2005) (No. 05-4035-RDR), to establish this element a relator need only show that the defendant had actual knowledge that it submitted a false or fraudulent claim for payment or false statement or record to get a false or fraudulent claim paid or approved or acted in deliberate ignorance or reckless disregard of the truth or falsity of the claim, statement of record. *See* 31 U.S.C. § 3729(b). Defendants' knowledge, deliberate indifference or reckless disregard can be reasonably inferred from Plaintiff's allegations. Likewise, Plaintiff has alleged sufficient facts to state a claim under the FCA against Defendants Gus Bryant and Danny Price for causing a false claim to be presented, *see e.g., United States ex rel Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 714-15 (10th Cir. 2006), that is plausible on its face. However, the Court finds that Plaintiff has failed to state claims under the FCA against Defendants Big Horn Management Company and Gary Rust on which relief can be granted. Likewise, with respect to Plaintiff's claim for

conspiracy to violate the FCA, the Court agrees that Plaintiff has alleged sufficient facts to show that Gus Bryant and Danny Price agreed with Defendants Red River to get false or fraudulent claims paid by the United States or to make a false record or statement for that purpose and that each of those Defendants performed some act to effect the object of the conspiracy. *See United States ex rel Conner v. Salina Regional Health Center, Inc.*, 459 F.Supp.2d 1081, 1091 (D. Kan. 2006) (elements of a claim under 31 U.S.C. § 3729(a)(3) for conspiracy) and thus to state a claim therefor that is plausible on its face. As to the remaining Defendants, however, Plaintiff has failed to allege sufficient facts to state a plausible claim for conspiracy to violate the FCA.

Claims under the FCA are indeed subject to the pleading requirements of Rule 9(b), F.R.Civ.P., as Defendants assert. *See, e.g., United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-28 (10th Cir. 2006); *United States ex rel. v. Smith v. Boeing Co.*, 505 F.Supp.2d 974, 981-84 (D. Kan. 2007); *United States ex rel. Smith v. The Boeing Co.*, 2006 WL 542851 at * 4-5 (D. Kan. Feb. 27, 2006) (No. CIV.A. 051073-WEB), *United States ex rel. v. Wynne v. Blue Cross and Blue Shield of Kansas, Inc.*, 2006 WL 1064108 at *203 (D. Kan. April 21, 2006) (No. 05-4035-R.R.). Rule 9(b) requires that the circumstances constituting fraud must be stated with particularity, which means that the "who, what, when, where and how of the alleged fraud" be set forth. *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 726-27; *United States ex rel Wynne v. Blue Cross and Blue Shield of Kansas, Inc.,* 2006 WL 1064108 at *3 (quoting *United States ex rel Thompson v. Columbia/HCA Healthcare* Corp, 125 F.3d 899, 903 (5th

Cir. 1998) (internal quotation omitted). Plaintiff's allegations, described above, of his claims for violations of the FCA and conspiracy to violate the FCA against Defendants Red River and Gus Bryant meet these standards, though barely so. Obviously, since Plaintiff has failed to allege sufficient facts to state any FCA claims against the remaining Defendants, he has failed to state any FCA claims against them with the requisite particularity.

In his claim under the anti-retaliation provision of the FCA, 31 U.S.C. § 3730(h), Plaintiff alleges that Defendants terminated Plaintiff's employment in retaliation for Plaintiff's "investigation of Defendants' unlawful and false activities and claims" and his "reporting those unlawful and false activities to one or more federal agencies, offices, or authorities . . . ." Complaint at ¶ 42. While the Tenth Circuit has said that a plaintiff must allege facts showing defendants had been put on notice that plaintiff was "either taking action in furtherance of a private *qui tam* action or assisting in an FCA action brought by the government," *United States ex rel. Ramseyer v. Century Health Corp.*, 90 F.3d 1514, 1522 (10th Cir. 1996) (citing *Robertson v. Bell Helicopter Textron, Inc.,*, 32 F.3d 948, 951 (10th Cir. 1994)), the circuit court has also stated that the appropriate inquiry is whether "the actions alleged in the complaint could be reasonably described as 'investigation' sufficient to put defendants on notice of a *possible* qui tam action," *id.*(emphasis added) and indicated that, for example, reporting noncompliance [with minimum program requirements] to government officials may be sufficient. *Id.* at 1523. While the Court finds the Tenth Circuit's statements to be somewhat conflicting, the Court concludes that Plaintiff's allegations of his investigation and "reporting Defendants' unlawful and false activities to

one or more federal agencies, offices or authorities" are not sufficient to show that Defendants had notice that the Plaintiff was taking action in furtherance of a qui tam action, as is necessary to state a claim for a violation of the anti-retaliation provision of the FCA. This is so because Plaintiff has not even alleged that Defendants <u>knew</u> of Plaintiff's investigation or <u>knew</u> that Plaintiff had reported Defendants' activities to one or more federal agencies, offices or authorities.

Because the Court has jurisdiction pursuant to 28 U.S.C. § 1331 by virtue of Plaintiff's FCA claims, it has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims. Defendants' Rule 12(b)(1) motion to dismiss these claims must, therefore, be denied.

In accordance with the foregoing, the amended motion of Defendants Red River Service Corporation of Oklahoma, Red River Service Corporation of Texas, Big Horn Management Company, Gus Bryant, James Arrington Smith and Gary Rust to dismiss Plaintiff's complaint [Doc. No. 61] is GRANTED in part and DENIED in part. Defendants' amended motion to dismiss Plaintiff's claims against Defendants Big Horn Management Company, James Arrington Smith and Gary Rust pursuant to Rule 12(b)(1) and (6) is GRANTED and Defendants' motion to dismiss Plaintiff's claim for termination of his

employment in violation of the anti-retaliation provision of the FCA pursuant to Rule 12(b)(6) is GRANTED.  In all other respects their motion to dismiss is DENIED.

It is so ordered this 10th day of June, 2008.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE